## ETTA RUTTER v. WILLIAM COLLINS.

*Breach of promise of marriage—Evidence—Arguments of counsel.*

1. Where, in a suit for breach of promise of marriage, the defendant admits making an offer of marriage, which the plaintiff testifies she accepted, which is denied by the defendant, who testifies that she avoided a reply, the subsequent conduct of the parties is admissible as bearing upon the truth of their respective stories as to what occurred at the time the offer was made.

2. The answer of the plaintiff to a letter from the defendant, in which he stated that she had never answered his proposition

by giving her consent or otherwise, and that he had concluded that she did not wish his company, and that he should live single the rest of his life, such answer stating that she thought he knew his proposition was accepted, and would not have him think otherwise for the world, and inviting him to come up that evening, as she would like to have a talk with him, is admissible in evidence in behalf of the plaintiff as a part of the *res gestæ*.

3. The jury must get the evidence from the lips of sworn witnesses, and not from the unsworn statements of the lawyers in the argument of the case.

Error to Clinton. (Daboll, J.) Argued June 30, 1893. Decided July 25, 1893.

*Assumpsit*. Defendant brings error. Reversed. The facts are stated in the opinion.

*Lyon & Dooling (M. V. Montgomery,* of counsel), for appellant.

*S. L. Kilbourne (John H. Fedewa,* of counsel), for plaintiff,

McGRATH, J. Plaintiff sues for breach of promise of marriage. Defendant admits the proposal on January 1, 1886, but denies its acceptance. Plaintiff testified that the acceptance was express and immediate. Defendant insisted that plaintiff avoided the question, and gave no answer. The court instructed the jury as follows:

"No particular form of words is necessary to establish that contract. If you find that he made an offer, then the acceptance, and, for that matter, the offer, may be proved simply by actions and conduct as well as by express words; and in passing upon that question you have a right to take into account all that was said and all that was done that goes to make up, in your judgment, a proposal upon the one side, and an acceptance upon the other. * * * If in all they did and in all they said you find it was fairly understood between them that one had made an offer and the other had accepted it, that is a sufficient offer and acceptance in law. * * * The introduc-

tion, the invitation, and later on nearly every visit, as claimed by the parties, has been gone over, and the fact of some presents has been testified to, how they conducted themselves towards each other when in the presence of other people and when alone. All this has been allowed to be given you so that taking the evidence given, and the claim upon each side, you may use the facts surrounding the case in arriving at what was the real talk, understanding, and agreement of these parties as to this matter; and whatever light you think any of the facts and circumstances throw upon the matter, you have a right to take into consideration in passing upon that question."

These instructions were erroneous. Defendant admitted an offer of marriage, and there is no claim that the offer was repeated. Plaintiff testified to an express acceptance of the proposal, and gave the language which she alleges was used by her indicating her consent. If the jury believed the story told by plaintiff as to her acceptance of the proposal, there was a contract of marriage; if they did not, there was no such contract. If, when the offer was made, it was not accepted, but a reply was avoided, and plaintiff then and there stated that there was something that she wanted to tell him, but dare not, and, although urged to disclose, did not, and that interview then ended without further reference to the proposal, as insisted by the defendant, there was no contract. The subsequent conduct of the parties was admissible as bearing upon the truth of their respective stories as to what occurred on the evening when the offer was made, but that conduct did not tend to show a renewal or revival of the offer, and there was no pretense that the offer was in any sense pending. The jury should have been instructed accordingly.

To make out her case, plaintiff introduced a letter from defendant, dated February 20, 1886, which contained the following:

"I received your note yesterday, and, in reply why I don't come up there, would say that you have never answered my

proposition by giving your consent or otherwise; so I have concluded that you don't want my company, and therefore there was no use of my coming to see you any more. I have always thought more of you than any other young lady that I have ever met with, but you always seemed to doubt my sincerity, so I have given up, and have concluded to live single all the rest of my life."

After a concession by defendant's counsel that all letters received from plaintiff had been destroyed, plaintiff, under objection, introduced a copy of the following reply, dated February 22, 1886, explaining that she first wrote the copy, and, thinking it did not look well enough, wrote and sent another:

"MR. COLLINS,—

"*Dear Sir:* I thought, of course, you knew your proposition was accepted, and would not have you think otherwise for the world. Now, if you can come up this evening, I would like to have you; would like to have a talk with you. Now oblige me and come. ETTA."

Defendant's letter suggested a reply. It was in answer to an inquiry as to why he had not visited her. It was a complaint. It said to her: "I made a proposal of marriage to you, but you gave me no encouragement or reply, but doubted my sincerity, although I thought more of you than any other lady 'that I had ever met." She replied immediately. It is true that, ordinarily, the omission to reply to a letter is no evidence of the truth of the facts therein stated; but regard must be had to the relations of the parties, the nature of the correspondence, the questions involved. Here was a contract, it is true, but not a naked contract. A failure to respond to such a letter would have been inconsistent with the state of mind usually associated with a marriage contract. Plaintiff's letter was the natural and almost inevitable sequence of defendant's complaint. It was a part of the *res gestæ.* The failure to explain could not but have been an indication of indifference at

96 MICH.— 33.

least. The letter does not attempt to set up any express acceptance of the proposal. In itself it has none of the earmarks of manufactured evidence. There was no error in its admission.

Objection is made to statements made by plaintiff's counsel in his closing address to the jury. In some particulars the criticism is justifiable. It is not necessary to go ·into details. It is sufficient to say that the jury must get the evidence from the lips of sworn witnesses, and not from the unsworn statements of the lawyers in the argument of the case. *Evans v. Town of Trenton*, 20 S. W. Rep. 614.

For the reasons given the judgment must be reversed, and a new trial ordered.

HOOKER, C. J., LONG and GRANT, JJ., concurred with McGRATH, J. MONTGOMERY, J., concurred in the result.