**COMMONWEALTH OF PENNSYLVANIA, et al., Plaintiffs,**

v.

**Peter F. FLAHERTY, etc., et al., Defendants,**

v.

**FRATERNAL ORDER OF POLICE, FORT PITT LODGE NO. 1, Intervening Defendant.**

**Civ. A. Nos. 75–162, 77–910.**

United States District Court, W. D. Pennsylvania.

Sept. 21, 1982.

Katherine H. Fein, Pittsburgh, Pa., for women.

Robert B. Smith, Asst. City Sol., Pittsburgh, Pa., for Peter F. Flaherty et al.

Thomas F. Halloran, Asst. Atty. Gen., Pittsburgh, Pa., for Com. of Pa.

Bryan Campbell, Pittsburgh, Pa., for intervening defendant Fraternal Order of Police.

## OPINION

WEBER, Chief Judge.

This is the latest chapter in a civil rights suit instituted by the Commonwealth of Pennsylvania alleging discrimination against blacks and women in the employment practices of the City of Pittsburgh Police Department. This court made a finding of unlawful discrimination on the basis of race and sex, and ordered the implementation of remedial hiring procedures. 404 F.Supp. 1022 (W.D.Pa.1975). See also, 477 F.Supp. 1263 (W.D.Pa.1979).

In an Opinion and Order of February 17, 1982, we made a finding of continued employment discrimination against certain individual female officers, all of whom had been hired prior to the institution of the remedial hiring process and had continued employment thereafter. 532 F.Supp. 106 (W.D.Pa.1982). At that time we enjoined the discrimination practices, ordered the Department to accord these individuals all the rights and privileges of the job description Police Officer, and indicated that back wages were appropriate but remained to be calculated. The issues now before the court are the propriety of a back pay award, the individuals entitled to such an award, and the computation of any award.

## I.

■ The Commonwealth has litigated this matter in its capacity as parens patriae.[1] The Commonwealth has by this action protected the interests of its citizens in eradicating discriminatory practices. *Commonwealth v. Glickman,* 370 F.Supp. 724,

726 (W.D.Pa.1979). Incident to the Commonwealth's vindication of the public interest, it has established equitable grounds for a back pay remedy for individuals aggrieved by the Department's past discrimination. Where, as here, the state has its own identifiable interests to protect and is not acting solely on behalf of private litigants, the use of such a remedy advances the public interest and therefore is within the scope of the parens patriae suit. By virtue of this back pay award the Commonwealth corrects and deters discriminatory practices, an objective well within the scope of the parens patriae action.[2]

There is some dispute as to which individuals are entitled to back pay awards. This court made findings of discrimination as to certain individual female officers entitling them to back pay awards. 532 F.Supp. 106 (W.D.Pa.1982). Those officers had all been hired prior to the remedial hiring program but had been denied certain training which was required for advancement and routinely given to male officers. As a result, these officers were denied employment opportunities, eligibility for promotions and equal pay. Hearings were held April 21, 1980. These individuals testified at the hearing, and were still employed by the Department at that time.

Plaintiff now seeks to include within the back pay award those female officers who had retired prior to the April 21, 1982 hearing, but whose titles, duties, and lack of training and employment opportunities were similar to those of the officers found to be entitled to back pay awards.[3] These officers did not testify at the hearing, but they have now submitted affidavits which stand uncontradicted. The affidavits establish that each of these individuals per-

---

1. Plaintiffs originally sought to certify a class action. Motions to Dismiss various plaintiffs were filed by the defendants. We concluded that disposition of both matters was unnecessary because of the presence of the Commonwealth as parens patriae. 404 F.Supp. 1022 (W.D.Pa.1975).

2. For the above reasons we do not consider the creation of a class necessary, but we feel that

there is no impediment to our establishing a class for the purpose of awarding relief in such a case.

3. Plaintiff had identified these individuals as retired Officers Theresa Conn, Melvina Daniels, Eileen O'Connor, Margaret Jak, and Helen Long.

formed duties similar to those of male officers, but that they were restricted in duty, rank and pay by the Department's discriminatory policies. These are the same circumstances which gave rise to this court's Feb. 17, 1982 Findings of continued discriminatory practices. 532 F.Supp. 106.

■ There is no distinction to be drawn between those female officers who were actively employed by the Department at the time of the hearing and those who had retired earlier. All had been subjected to the same discriminatory practices which had cost each female officer advancement and equal pay. Each of these women was excluded from firearms training. Each woman was excluded from permanent assignment to any division of the Investigations Branch except the Missing Persons Section, although these policewomen were often temporarily assigned to other units for various duties not limited to sex related functions, which duties were capably performed. Each of these women was excluded from promotion to a graded detective position although each completed the required 90 days of service in the Investigations Branch. Each of these women was excluded from the benefits of the 1975 abolition of the patrolman/policewoman hiring classifications and placed in a new employment classification of policewomen. All of the discriminatory practices were the result of Department policy, uniform in its application to this Department-created class of women. See, 532 F.Supp. 106 (W.D.Pa. 1982); Affidavits of Daniels, Conn, O'Connor, Long and Jak. Because defendant has had the opportunity to litigate the discriminatory nature of its policies and their application and impact on the female officers of the Department, the inclusion in the back pay award of these retired officers does not now prejudice the defendant.

■ Alternatively, the defendant urges the court to compute back pay awards from a date six (6) years prior to each individual's entrance into the case. The theory is that each individual only became party to the suit when she became directly involved in the proceedings by her testimony, submis-sion of an affidavit or identification in a pleading. Because the Commonwealth's parens patriae status protects the interests of all its citizens and because the issue of discrimination against an identifiable group of individuals, though not certified as a class, has been present in this lawsuit from its inception, we will not base the remedy on such a fortuitous and irrelevant factor as when an individual's name became part of the record.

## II.

■ There remains the question of whether Captain Theresa Rocco, commander of the Missing Persons Section, is barred from any recovery of back pay by a release executed by her on March 24, 1980, in consideration of a favorable resolution of a grievance complaint. We conclude it does.

Captain Rocco had pursued claims of sex discrimination regarding her pay scale through grievance procedures and arbitration. Pursuant to a Memorandum of Understanding dated March 24, 1980, Captain Rocco and the City of Pittsburgh arrived at a settlement. The City agreed to adjust Captain Rocco's salary to match that of male police captains, retroactive to January 1, 1980. In return, Captain Rocco executed a release purporting to discharge the city from "all rights, claims and actions which Releasor and her... successors now have relating to any claim of discrimination on the basis of Releasor's sex or failure by the Releasee to pay the Releasor at the captain's rate of pay prior to 1980." At issue is the intended scope of this release.

■ A signed release is binding unless executed through fraud, duress, accident or mutual mistake. *Three Rivers Motor Ford Co. v. Ford Motor Co.,* 522 F.2d 885 (3d Cir. 1975). There appears to be no fraud, duress or accident here. Plaintiff contends that the parties did not intend that Captain Rocco release all her rights to a sex discrimination claim for back wages, and therefor the release should be read narrowly. The plaintiff argues that the parties only intended the release to apply to the then pending

arbitration proceedings, without prejudice to the raising of the same substantive issues in another form of action.

■ While the parties' intent governs the effect of the release, the manifestation of intent is to be found first on the face of the release. *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966). The language of this release is clear and unambiguous. It plainly manifests the intent of the parties to terminate all further litigation of the substantive issues which gave rise to the grievance. The words, "all rights, claims and actions" could not be broader. The document specifically identifies and releases any claim of back wages based on sex discrimination. It is evident that Captain Rocco intended to release her claims in consideration of a favorable resolution of her grievances and that the release was not limited to the arbitration proceedings, but extended to their substance without regard to the form of proceeding.

For the reasons set forth above and in the Opinion of Feb. 17, 1982, Officers Bedore, Blacksmith, Quinn, Saunders and Smith, and retired Officers Conn, Daniels, O'Connor, Jak, and Long, having been the subjects of discriminatory employment practices, are awarded appropriate back pay and interest.

### ORDER

In accordance with the foregoing Opinion, the City of Pittsburgh is DIRECTED to include Theresa Conn, Melvina Daniels, Eileen O'Connor, Margaret Jak, and Helen Long in the award of back pay ordered by this court in a previous opinion and order of February 17, 1982. The City of Pittsburgh shall submit its computation of back pay from February 5, 1969 until the present or date of retirement, whichever is applicable, with 6% interest, for each of the individuals identified by this court as entitled thereto, on or before November 1, 1982.

It is further ORDERED that the claim of Theresa Rocco is DENIED for the reasons set forth in the foregoing Opinion.

SO ORDERED this 21st day of September, 1982.