In the Matter of The Complaint of BANK-
ERS TRUST COMPANY as Owner-
Trustee and Monsanto Company as
Chartered Owner, and Keystone Ship-
ping Co., as Chartered Owner and Oper-
ator of the S.S. EDGAR M. QUEENY,
for Exoneration from and Limitation of
Liability.

Civ. A. No. 75–364.

United States District Court,
E.D. Pennsylvania.

Nov. 29, 1982.

Harry Lore, Philadelphia, Pa., for Chat-
terjee.

L. Carter Anderson, Philadelphia, Pa., for
Dué and Dobson.

### MEMORANDUM OPINION

WEINER, District Judge.

Presently before the court is the petition
of Prava Chatterjee to vacate and set aside
a settlement and release of the claim of her
deceased son.

Pratrik Kumar Chatterjee, son of the pe-
titioner, was killed on January 31, 1975
while a crewmember of the S.S. Corinthos
which was struck while in port by the S.S.
Edgar M. Queeny. An action for limitation
of liability was brought by the shipowner in
this court. On February 7, 1975 a monition
was signed by Judge Fogel. On May 30,
1975 a claim on behalf of the petitioner as
the survivor of Pratrik was filed by the
Louisiana law firm of Dué and Dodson
based upon an attorney-client contract that

was executed by Ánil Ghosal, son-in-law of the petitioner, under a special power of attorney purportedly executed by petitioner to Ghosal. Dué and Dodson settled the Chatterjee claim for $87,000.00. They then travelled to New Delhi, India where on December 17, 1975, they met the attorney for the shipowner, and were joined by Dean Agnihotri, an associate of Dué and Dodson in these claims. On the same date, a special power of attorney to Ghosal allegedly executed by petitioner in Calcutta was presented to the shipowner's lawyer. Ghosal executed the release. Dué and Dodson gave a check in the amount of $29,000.00 to Ghosal, and they allege that they also gave Ghosal $15,000.00 cash, without obtaining a receipt, to complete the payment of $44,000.00 due Chatterjee ($87,000.00 less fee and costs). On May 7, 1979, the petition to vacate and set aside the settlement was filed by the petitioner. Trial was held on October 18, 1982. Prior to trial many motions had been filed by the petitioner, and opinions and orders filed by this court.

Many serious allegations have been made to this court by petitioner's lawyer. He claims that petitioner had no knowledge that any proceedings were brought on her behalf. That she did not learn of the death of her son until October or November 1978. That she lived in Bangladesh between January 31, 1975 and February 1977, except for a period of one month in July or August 1975, and that she has lived in India since February 1977. Therefore counsel alleges that petitioner could not have signed a power of attorney to Ghosal in Calcutta on December 17, 1975, authorizing Ghosal to settle the claim for $87,000.00.

However, none of these claims have been presented by testimony of the petitioner herself in this court. These are allegations made by petitioner's lawyer who admits that he has never met with nor spoken directly with the petitioner. Thus these allegations of petitioner's lawyer are hearsay and are not evidence which can be considered by this court in making its determination. On several occasions, this court has ordered the petitioner to be present in

this court to testify so that the court could have the opportunity to observe the petitioner's demeanor. Petitioner has never appeared in person. Her counsel has informed the court that petitioner cannot appear in person in this court because (1) it takes a minimum of two months to receive a passport in India, (2) petitioner knows no language other than Bengali, (3) as an orthodox Hindu widow she will not eat food cooked by another, (4) she is impecunious, and (5) her health will not permit her to travel alone without medical advice. We do not find that the petitioner is unavailable so as to create an exemption to the hearsay rule. *See, Federal Rules of Evidence, Rule 804.* The allegations of petitioner's counsel are clearly hearsay. Evidence must come from the lips of sworn witnesses and not from the unsworn statements of lawyers. *Rutter v. Collins,* 96 Mich. 510, 514, 56 N.W. 93, 94 (1893). Suggestions of counsel, however plausible, cannot take the place of evidence. *United States v. Coal Cargo,* 11 F.2d 805, 808 (E.D.Pa.1924). As stated previously, counsel has never met with and has never spoken to the petitioner. Counsel is not a witness. His argument is "a connected presentation of the *conclusions of fact* supposed to have been *proved by the evidence* tending in favor of his client." *Wigmore on Evidence § 1806.*

Any representations of fact made by counsel "*must not be an assertion made upon his own credit;* it must be based solely upon those matters of fact of which evidence has already been introduced or of which no evidence need ever be introduced because of the notoriety as judicially noticed facts." *Id.* For counsel to allege facts not of those "two sorts" is to become a witness, "and to be a witness without being subject to cross-examination is to violate the fundamental principle of the hearsay rule." *Id.* Counsel has asserted facts not in evidence and not of the notoriety to be judicially noticed and is therefore attempting to testify as a witness which is prohibited by the hearsay rule.

Petitioner's counsel has again moved that the court accept into evidence the tran-

scripts of depositions taken in India of petitioner, her son Prabir, her daughter Arati Ghosal and her son-in-law Anil Ghosal which were taken in India before a Commission pursuant to an order of Judge Giles in the case of *Chatterjee v. Dué et al.,* 511 F.Supp. 183 (E.D.Pa.1981). The Queeny interests in the case *sub judice* are not parties in the case before Judge Giles, and were therefore not present at the taking of the depositions in India, and had no opportunity to cross-examine. By our Memorandum Opinion and Order dated October 14, 1982 we denied the motion of the petitioner for the invocation of a commission in India to take testimony or in the alternative to use the transcript of the previous commission in India which was used in the case before Judge Giles.[1] We reiterate what we said at that time that the parties in the case before us, Bankers Trust Company, Monsanto Company and Keystone Shipping Co. are not parties in the action before Judge Giles [2] and therefore had no opportunity to cross-examine the petitioner or witnesses in India.

■ It is interesting to note that in this admiralty proceeding, the petitioner Mrs. Chatterjee argues that she never engaged the law firm of Dué and Dodson to represent her in these proceedings nor did she execute a power of attorney for her son-in-law Mr. Ghosal to engage the services of that law firm on her behalf.[3] Yet, in her tort action before Judge Giles, petitioner's claim against that law firm is for legal malpractice. In order for a plaintiff to recover against a defendant law firm in a legal malpractice case, it is generally essential that an attorney-client relationship existed between the parties. *In re S.S. Edgar M. Queeny,* 636 F.2d 37, 41 (3d Cir.1980); *Chatterjee v. Dué,* 511 F.Supp. 183 (E.D.Pa. 1981); *Connelly v. Wolf, Block, Schorr &*

*Solis-Cohen,* 463 F.Supp. 914, 918 (E.D.Pa. 1978). We recognize of course that the burden of proof in a limitation proceeding differs from that in a tort action. In the limitation proceeding the shipowners have the burden of showing that the release was freely executed with full understanding, whereas in a tort action, the plaintiff has the burden of proving legal malpractice. *Complaint of Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 41 (3d Cir.1980).

■ We have considered Mrs. Chatterjee's petition in light of general admiralty principles which are protective of crewmembers who are considered wards of the court. *Garrett v. Moore-McCormack Co.,* 317 U.S. 239, 246, 63 S.Ct. 246, 251, 87 L.Ed. 239 (1942). The shipowners have the burden of proving that the release was freely executed with full understanding, and without deception or coercion. *Id.* at 248, 63 S.Ct. at 252. That burden has been met by the shipowners. The only testimony presented to this court was that a power of attorney was executed by the petitioner to her son-in-law who in turn executed a release after having been fully informed of its contents. There is not a scintilla of evidence before this court of any infirmity in the execution of the release.

Not only has the petitioner failed to appear before this court to testify on her own behalf, but she has thwarted attempts by this court to recover the admitted sum of $29,000.00 paid to her son-in-law. Because the law firm of Dué and Dodson did not obtain a receipt for the $15,000.00 cash it alleges it gave to the son-in-law, Mr. Ghosal, which he denies receiving, in addition to a check for $29,000.00 which they gave him and which he admits receiving, on February 17, 1982 we ordered that law firm to pay the disputed sum of $15,000.00 into court to

1. *Prabhati Chatterjee a/k/a Prava Chatterjee v. Paul H. Dué et al.,* 511 F.Supp. 183 (E.D.Pa. 1981).

2. Bankers Trust Company, Monsanto Company and Keystone Shipping Co. were dismissed as defendants by Judge Giles on September 9, 1980, and the depositions in India commenced on or about November 29, 1980.

3. This matter not only involves legal issues but is a dispute among members of the same family. The court's concern, among other things, is the lack of arms length transactions between the disputing parties.

remain until this matter is concluded. The law firm has complied with that order.

We also filed an order on January 21, 1982 which was amended by our order of January 26, 1982, entering judgment in favor of the petitioner Prabhabati Chatterjee against Anil R. Ghosal in the amount of $29,000.00. We directed the law firm of Dué and Dodson to take all steps necessary to facilitate collection of that judgment, and directed petitioner to cooperate with that law firm in any legal action to collect the $29,000.00 judgment. A representative of that law firm proceeded to India to bring suit against Mr. Ghosal on the petitioner's behalf after Mr. Lore, petitioner's Philadelphia counsel assured the court that she would cooperate. When the law firm's representative appeared in India and visited Mrs. Chatterjee she informed him that she will not sue her son-in-law, and referred the representative to the Indian law firm representing her. They too informed the representative that they would not permit the petitioner to bring an action against Mr. Ghosal to attempt to recover the $29,000.00.

Although we have denied the petition to vacate and set aside the settlement and release of claim, we still have before us the request by the petitioner for a more specific accounting by the law firm of Dué and Dodson; and the exceptions of the petitioner to the accounting filed. We recognize there are many items in the accounting to be examined. The law firm lumped all costs together for all of the parties, survivors and decedents, it represented after the collision of the Queeny and Corinthos. Certainly, the Pratrik Chatterjee account should not be charged any part of the medical expense incurred by a survivor of the collision, even though both parties are represented by the same law firm. We further question whether the Chatterjee account should be charged costs used by the law firm to send a representative to India to sign up the case. Further, the law firm in charging costs against Chatterjee, took the total costs expended and divided that amount by the number of clients it represented in this collision against whom costs were to be charged. However, in the case which the law firm handled for one client where it agreed not to charge costs, the law firm should not have had Chatterjee pay any part of the proportion of the costs which should have been paid by that client. These are only a few of the problems which must be resolved. The court will therefore appoint an auditor to examine the account and make his report to the court.