Mary POPOVICH

v.

EMPIRE BEAUTY SCHOOLS, INC.

Civ. A. No. 82–5741.

United States District Court, E.D. Pennsylvania.

July 22, 1983.

Krank, Gross & Casper, Lancaster, Pa., for plaintiff.

Richard L. Caplan, Pottsville, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff instituted this action for injuries which she allegedly sustained while receiving a permanent wave and other special hair treatments from defendant, Empire Beauty Schools, Inc. (Empire). Specifically, plaintiff alleges that as a result of defendant's negligent use of various chemicals, she suffered burning and blistering of the scalp, loss of hair, other specified physical maladies and emotional distress. Moving to dismiss, Empire argues that plaintiff's execution of a release prior to her receipt of the permanent bars this action. We agree and grant the motion.

Empire's motion, although captioned as a motion to dismiss under Fed.R.Civ.P. 12(b)(6), is supported by an affidavit and a copy of the release executed by plaintiff. Appending such documents to a motion to dismiss converts the motion to one for summary judgment. *Nasser v. City of Homewood,* 671 F.2d 432, 434 (11th Cir.1982); *Townsend v. Columbia Operations,* 667 F.2d 844, 849 (9th Cir.1982); *DeTore v. Local # 245 Jersey City Public Employees Union,* 615 F.2d 980, 983 (3d Cir.1980), Fed.R.Civ.P. 12(b)(6). Plaintiff also apparently considers the motion as one for summary judgment. Her brief argues that various "questions of fact" preclude the Court from granting the motion. Under the circumstances at bar wherein a "motion to dismiss" is supported by affidavit testimony, a copy of a release executed by the plaintiff is submitted and plaintiff argues in summary judgment terms, courts properly consider the motion as one seeking summary judgment. *Dickun v. United States,* 490 F.Supp. 136, 137 (W.D. Pa.1980).

To prevail upon a motion for summary judgment, movant must demonstrate that there are no genuine issues as to any material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e). It may make this showing through depositions, affidavits, admissions, answers to interrogatories or other pleadings. *Burke v. Leader Dogs for The Blind,* 516 F.Supp. 1374, 1375 (E.D.Pa.1981). Once this showing has been made, the party resisting the motion must adduce specific facts which show that there is a need for trial. *Id.* In

determining whether the parties have properly discharged these obligations under Fed. R.Civ.P. 56, courts view the evidence in the light most favorable to the party resisting the motion, *Peterson v. Lehigh Valley District Council,* 676 F.2d 81, 84 (3d Cir.1982), and refrain from drawing factual inferences in favor of the moving party. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). Nevertheless, where plaintiff resists a Rule 56 motion, it may not rest upon the mere allegations contained in the complaint. Fed.R.Civ.P. 56(e).

We now consider these principles and their application to the facts involved.

The complaint and uncontradicted affidavit testimony demonstrate that in mid-January 1981 plaintiff was a patron at Empire's Lancaster, Pennsylvania, beauty school. Plaintiff entered the school and sought a permanent wave and other treatment for her hair. Empire, a school which instructs would-be beauticians, requested that plaintiff execute a release prior to any treatment. She complied.

The signed release states in relevant part that plaintiff

hereby release[s] the Empire Beauty Schools, Inc. from any and all liability in any manner relating to beauty services and treatment rendered me by the staff or students of said school.

I have read and fully understand the foregoing.

■ Such releases are generally deemed binding unless procured through fraud, duress, accident or mutual mistake. *Three Rivers Motors Co. v. Ford Motor Co.,* 522 F.2d 885, 892 (3d Cir.1975); *Kent v. Fair,* 392 Pa. 272, 140 A.2d 445 (1958). In order to set aside a release on any of these grounds, proof must be "unequivocal". *Young v. Robertshaw Controls Co.,* 430 F.Supp. 1265, 1268 (E.D.Pa.1977). Absent such proof a release operates as an "absolute bar" to any recovery. *Siciliano v. Siciliano,* 405 F.Supp. 814, 818 (W.D.Pa.1975), *aff'd,* 546 F.2d 419 (3d Cir.1976). Moreover,

while the intent of the parties governs the effect of the release, *Sears, Roebuck and Co. v. Jardel Co.,* 421 F.2d 1048, 1053 (3d Cir.1970), intent "*must* be determined from the language of the release", *Three Rivers Motors Co. v. Ford Motor Co.,* 552 F.2d at 892 (emphasis added); *Commonwealth of Pennsylvania v. Flaherty,* 547 F.Supp. 172, 176 (W.D.Pa.1982); *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966), which is given its "natural and ordinary" meaning. *Young v. Robertshaw Controls Co.,* 430 F.Supp. 1265, 1268 (E.D.Pa.1977).

■ In this case, plaintiff admits that a "knowing signature of a General Release" provides the predicate for entering judgment. She contends, by way of counsel's argument, that she did not "knowingly" execute the release. This assertion is, however, insufficient to defeat Empire's motion.

First, the allegation that plaintiff did not "knowingly" execute the release is made by counsel, not by plaintiff. Assertions or "suggestions" by counsel are patently insufficient to raise genuine issues of material facts under Rule 56. *Matters of Bankers Trust Co.,* 551 F.Supp. 609, 610 (E.D.Pa. 1982). They fall equally short of the "unequivocal" proof necessary to set aside and ignore a release. *Young v. Robertshaw Controls Co.,* 430 F.Supp. at 1268.

Second, even if plaintiff executed the release without full appreciation of the legal consequences of her action, she would nevertheless be bound by its terms. Specifically, the "settled" rule holds that the "subjective intent of the releasor has no legal effect". *Bensen v. Jackson,* 238 F.Supp. 309, 312 (E.D.Pa.1965). This rule devolves from the requirement that, as to "mistakes", only a *mutual mistake,* rather than a unilateral one, will warrant setting aside a release. *Three Rivers Motors Co. v. Ford Motor Co.,* 522 F.2d at 892. Plaintiff has failed to adduce any evidence of such a mutual mistake.

An appropriate order shall issue granting judgment on behalf of defendant against plaintiff.