Michael and Marilyn WILLIAMS

v.

Elliot W. STONE, Harold G. Stone,
Richard Abt, John L. Barry
and Al Biscardi.

Civil A. No. 96–CV–0014.

United States District Court,
E.D. Pennsylvania.

April 16, 1996.

**690**

Ralf W. Greenwood, Jr., Philadelphia, PA, for plaintiffs.

Benjamin A. Levin, Levin & Hluchan, P.C., Voorhees, NJ, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiffs Michael and Marilyn Williams are former owners of a West Coast Video (WCV) franchise located in Maryland. The Williamses purchased the franchise in March, 1989, opened the store in September, 1989 and sold the franchise, with WCV's consent, to a third party in December, 1991. As a condition of WCV's consent to the sale, Plaintiffs signed a Release of any and all claims against WCV and its officers, directors, agents and employees.

In February, 1996, Plaintiffs brought this action against WCV and various of its executives, employees and agents. The Amended Complaint alleges violations of the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (1984 & Supp.1996); Federal Trade Commission Act, 15 U.S.C. §§ 41–77 (1973); the Aid to Small Business Act, 15 U.S.C. §§ 631–651 (1976 & Supp.1996); the Mail Fraud Act, 18 U.S.C. §§ 1341–1346 (1984 & Supp.1996); and the Maryland Franchise Registration and Disclosure Act (MFR & DA), Md.Bus.Reg.Code Ann. §§ 14–200 et al. (1957 & Supp.1994). Plaintiffs seek compensatory and consequential damages as well as treble damages and attorney's fees under the civil RICO provisions.

### Standard of Review

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account.[1] *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allega-

---

**1.** Plaintiffs have attached nine exhibits to their Amended Complaint, including the Franchise Agreement and the Release.

tions. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

## Discussion

Defendants bring this Motion to Dismiss on several grounds, first, that the Release acts as a total defense to all the claims against them; second, that Plaintiffs' RICO claims are barred by the statute of limitations; and third, that Plaintiffs have failed to adequately plead a pattern of racketeering activity under RICO.

We begin by exploring Defendants' Release argument. According to the Amended Complaint, in December, 1991, WCV's fraud forced Plaintiffs to sell their franchise to a third party, but the Franchise Agreement required WCV's written approval before any such transfer could be made. As a condition to granting that written approval, WCV insisted that Plaintiffs sign a general release pursuant to Article IX, ¶ 2(e) of the Franchise Agreement. This Release, attached to the Amended Complaint, states in pertinent part:

> For Value Received, Michael E. Williams and Marilyn E. Williams ("Assignors") ... Do Hereby Release absolutely, unconditionally and forever discharge Franchisor and its officers, directors, affiliates, shareholders, agents and servants from any and all claims, actions, causes of action, damages, costs, debts, obligations, responsibilities and liabilities of every name, nature, kind and description whatsoever, whether in tort, in contract, or under statute, arising directly or indirectly out of the negotiation of, execution of, performance or, nonperformance of, or breach of the Franchise Agreement specified above.

According to Defendants, the plain language of this Release covers the subject matter of this litigation. Also according to Defendants,

the Release is enforceable under Pennsylvania law.

■ In Pennsylvania, a release is effective absent fraud, duress, accident or mutual mistake. *Buttermore v. Aliquippa Hosp.,* 522 Pa. 325, 329–30, 561 A.2d 733, 735 (1989); *Holmes v. Lankenau Hosp.,* 426 Pa.Super. 452, 627 A.2d 763, 767 (1993), *app. denied,* 538 Pa. 671, 649 A.2d 673 (1994); *Popovich v. Empire Beauty Schs., Inc.,* 567 F.Supp. 1440, 1442 (E.D.Pa.1983). Duress is not found when there is simple financial pressure. *Three Rivers Motors Co. v. Ford Motor Co.,* 522 F.2d 885, 893 (3d Cir.1975). Rather, the pleader must allege threats of physical harm to show duress. *Id.* (citing *Carrier v. Wm. Penn Broadcasting Co.,* 426 Pa. 427, 430–31, 233 A.2d 519 (1967)); *Killian v. McCulloch,* 873 F.Supp. 938, 943 (E.D.Pa.1995).

■ Defendants properly point out that there are no allegations in the Amended Complaint that could reasonably support the inference that this Release was obtained by fraud, duress, accident or mutual mistake. While there are allegations of fraud in the Amended Complaint, these allegations do not concern the circumstances surrounding the signing of the Release, but rather concern the negotiations for the franchise and acts related to that. Am. Complaint at ¶¶ 47, 48. Even if the Amended Complaint could be read to allege that Plaintiffs signed the Release under duress because they had to sell the franchise and could only sell it if they signed the Release, economic pressure by itself will not nullify a release. *Three Rivers,* 522 F.2d at 893.

Plaintiffs do not dispute Defendants' recitation of the state of Pennsylvania law as it applies to Releases.[2] Second, Plaintiffs do not dispute that the terms of the Release do cover the subject matter of their lawsuit. Accordingly, we find that the Release covers the subject matter of this action and that there are no allegations in the Amended Complaint that, if true, could void the enforcement of the Release. Nonetheless, Plaintiffs make several arguments why this Release should not be enforced and we turn to those arguments now.

---

**2.** It appears that Pennsylvania's and Maryland's common law on releases is the same. *Jiffy Lube Int'l, Inc. v. Jiffy Lube,* 848 F.Supp. 569, 576 (E.D.Pa.1994).

■ Plaintiffs' first argument is that Maryland law, not Pennsylvania law, governs the Release and that Maryland's FR & DA law voids certain provisions of the Release and therefore, the Release is unenforceable. Their argument in support of choosing Maryland law is as follows. The MFR & DA applies to franchises that will be or are operated in Maryland. Md.Bus.Reg.Code Ann. § 14-201. In turn, the Franchise Agreement states that it:

shall be construed according to the laws of the Commonwealth of Pennsylvania ... if any provisions of this Agreement are, or shall become in conflict with any applicable laws, then the applicable law shall govern and such provisions shall be automatically deleted and shall not be effective to the extent they are not in accordance with applicable law.

Franchise Agreement, Art. XIII, ¶ 1. This language, Plaintiffs maintain, "explicitly provide[s] that Pennsylvania law would be overruled by any other conflicting, applicable laws of other states, such as Maryland." Pls'. Brief at 11.

Plaintiffs' argument, however, fails. First, it is apparent that the language in the Franchise Agreement is a savings clause intended to prevent the entire agreement from being voided in the event one provision conflicts with Pennsylvania's law. Second, Plaintiffs' reading can only be maintained by substituting the words "Pennsylvania laws" for the words that are actually in the Agreement, "provisions of this Agreement." To read the Agreement in the way Plaintiffs suggest would be to torture the language, and this we cannot do. *Visiting Nurse Ass'n v. St. Paul Fire & Marine Ins. Co.,* 65 F.3d 1097, 1100 (3d Cir.1995). For this reason, we disagree with Plaintiffs that Maryland law governs this Release. On this Motion to Dismiss, however, we will give Plaintiffs the benefit of the doubt and assume that the MFR & DA does apply and therefore turn to Plaintiffs' other arguments.

■ Plaintiffs argue that the Release violates § 365 of the MFR & DA, which provides for joint and several liability among all officers, directors, partners and certain employees that are liable under the MFR & DA.

Md.Bus.Reg.Code Ann. § 14-227. Plaintiffs point to Article IX of the Franchise Agreement, which governs sales or transfers of the franchise. This section, discussing releases, provides that: "the release shall not release any liability specifically provided for by any state statute regulating franchising." According to Plaintiffs, the MFR & DA specifically provides for joint and several liability, and since, according to the Franchise Agreement, the Release cannot release liability imposed by a state statute, the Release is void.

Even assuming that Maryland law applies, Plaintiffs' argument fails. First, it is axiomatic that before there is joint and several liability, there must be individual liability. The cited section of the MFR & DA is not an independent source of liability, but simply makes certain liable people jointly and severally liable. Therefore, the section does not fall under the Franchise Agreement's exclusion. Second, even if it did fall under the provision, there is no support in the Franchise Agreement for voiding the entire Release, as opposed to just that portion of the Release that would relieve the Defendants of joint and several liability.

■ Plaintiffs also argue that the Release violates § 365C of the MFR & DA. This section states that: "As a condition to the sale of a franchise to a prospective franchisee, a franchisor may not require the prospective franchisee to assent to a release, assignment, novation, waiver, or estoppel which would relieve any person from liability under this subtitle." § 14-226. Plaintiffs contend that this section applies to them because when they were prospective franchisees, they were required to sign the Franchise Agreement, which included a provision that, as a condition to WCV's consent to an assignment, Plaintiffs might have to sign a release. Art. IX, ¶ 2(e). For this reason, Plaintiffs contend, the Release is void under Maryland law.

Again, we must disagree with Plaintiffs. Even assuming that the MFR & DA applies to this case, this particular section does not apply. The Franchise Agreement does not "require the prospective franchisee to assent

to a release," as prohibited by the MFR & DA. Rather, the Franchise Agreement provides that "Franchisor *may* condition the giving of such consent on," various acts such as payment of all outstanding debts to the Franchisor and reimbursement of training expenses, or the franchisees' entering into a release.

Because the Franchise Agreement, when Plaintiffs were prospective franchisees, did not absolutely require a release, these terms of the MFR & DA did not apply to them. By the time Plaintiffs were absolutely required to sign a release, they were no longer prospective franchisees, and so this section still did not apply.

Above, we found that Plaintiffs' Release was valid and enforceable under Pennsylvania law and that it covered the subject matter of this litigation. We also found that the MFR & DA did not apply to this action, and that even if it did, it did not bar the enforcement of this Release. Accordingly, we must find that under no set of facts could Plaintiffs gain relief and that therefore, dismissal under 12(b)(6) is appropriate on all claims in the Amended Complaint.[3]

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of April, 1996, upon consideration of Defendants' Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. no. 7) and upon consideration of Defendant John L. Barry's Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. no. 8) and responses thereto, the Motions are hereby GRANTED and the Amended Complaint is hereby DISMISSED.

---

**3.** Defendants made several other arguments in support of their motion. We do not address these arguments, however, because of the above ruling.