# Horton's Appeal.

*Receipt in full, how far binding and conclusive.*

A receipt given by a distributee to an executor for a sum "on compromise in full of all claims and demands against the estate," will not prevent the recovery of whatever balance may be actually due. A receipt is always open to explanation.

APPEAL from the Orphans' Court of *Delaware county*.

This was a proceeding in the Orphans' Court by B. W. Horton, one of the executors of Jesse Horton, for the review of a decree of the court confirming the distribution made by the auditor on the account of said executors.

The account of the executors was referred to an auditor, who reported for distribution a balance of $2024.25, of which the widow was entitled to one-third. This report was confirmed May 27th 1856. The deceased had left three children, viz., Baker Horton, Bushrod W. Horton, Anna Maria Simpson; and Sarah Ann, a daughter of his deceased son Samuel. Under the will Mrs. Simpson was entitled to two legacies of $50 each, besides her share of the balance in the hands of the accountants. She resided at Coalsdale, Carbon county.

[Horton's Appeal.]

On the 20th of May 1857, she met the executors at West Chester, where she executed and delivered the following receipt:

"Received, May 20th 1857, of B. W. Horton, one of the executors of the estate of Jesse Horton, deceased, one hundred and fifty-five dollars, on compromise in full of all claims and demands against the estate.          ANNA MARIA SIMPSON.
    "$155.
    Witness: H. A. HESSON,
            MARGARETTA M. WIILLIAMSON."

On the 31st of August 1857, on the petition of one of the other heirs, an auditor was appointed to distribute, who gave the usual notice of the time and place fixed for hearing the case, when and where all the parties except the executors appeared. By the report of this auditor there was a balance of $208.88 distributed to Mrs. Simpson. The above receipt was not before him, but there was evidence of its existence and of the circumstances under which it was procured, which induced him to disregard it. This report was confirmed September 28th 1857. On the petition of one of the executors, the matter was referred back to the same auditor, who, after a hearing, returned his report unchanged. Objection being made to the confirmation of this report, the matter was argued, and on the 6th of June 1860 the report was finally confirmed. From this decree Bushrod W. Horton, one of the executors, appealed to this court, assigning for error the decree of the Orphans' Court in the premises.

*Wm. Darlington*, for appellant, as to the binding effect of the receipt, cited Chorpening's Appeal, 8 Casey 315, and argued that it was given as a compromise, the money in the hands of the accountants being the proceeds of the sale of a farm which Jesse Horton had given in his will to his sons, but which he subsequently sold. That Mrs. Simpson's legacy was not payable, because, by the sale of the principal part of the estate, the will had been revoked: Cooper's Estate, 4 Barr 92. By adding her advancement to what had been paid to her by the executors, it would appear that she had more than her share, supposing the deceased to have died intestate. So that this was an equitable compromise for her benefit.

*Joseph J. Lewis*, for appellee.—The appealing executor has nothing to complain of. The question of fact has been found against him by the auditor, and the error must be most flagrant to justify this court in interfering: Mengas's Appeal, 7 Harris 222; Bull's Appeal, 12 Id. 288; Ake's Appeal, 9 Id. 320; Miller's Appeal, 6 Casey 492. But the evidence justified

[Horton's Appeal.]

the decision of the auditor. Mrs. Simpson was deceived by the representations of the executors as to the amount due her, and the phrase in the receipt "on compromise" was inserted deceptively, for there was no evidence of any compromise.

Even a release will not operate to discharge an executor for more than was paid: Bixler *v.* Kunkle, 17 S. & R. 298; Witman & Geisinger's Appeal, 4 Casey 376.

Nor was there anything to compromise. There is no advancement in cases of partial intestacy: Vatchell *v.* Jeffries, Prec. in Ch. 170; 1 Bro. P. C. 167; Walton *v.* Walton, 14 Ves. 323; Snelgrove & Snelgrove, 4 Des. 291.

The opinion of the court was delivered, March 1st 1861, by

WOODWARD, J.—Whether Mrs. Simpson was imposed upon and entrapped into signing a receipt in full for one hundred and fifty-five dollars, when two hundred and eight dollars and eighty-eight cents were really due to her, was a question of fact inquired into and decided by a very competent auditor, and as the court below saw no reason for reversing his finding, so we see none. A receipt is always open to explanation. And this one, given by a widow to an executor, "*on compromise in full of all claims and demands against the estate,*" was a peculiarly fit subject of scrutiny. Whether upon the evidence we should have attained the same conclusions the auditor did, is not the question before us, but as we see no adequate reason for reversing his conclusions, the decree is

Affirmed.