Shiroff, Admr., *v.* Weiner, Appellant.

Argued January 7, 1930. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*A. L. Levi,* of *Levi & Mandel,* for appellant.—The administratrix had the power to enter into an agreement of novation releasing appellant from principal liability and substituting the liability of the corporation, with the collateral liability of appellant: Parker v. Steamship Co., 14 L. R. A. 414; Black's App., 25 Pa. 238; Holmes's App., 79 Pa. 279; Ihmsen v. Huston, 247 Pa. 402; Merchant's Est., 29 Pa. Dist. R. 299.

Common law powers of administrators not affected by section 40 of Pennsylvania Fiduciaries Act of 1917, P. L. 447; Jefferies v. Ins. Co., 110 U. S. 305.

*William N. Nitzberg,* for appellee.—The contracts offered by defendant as "new matter" in his affidavit of defense to the action, are not the contracts of plaintiff in her capacity as administratrix and the court had no right to so consider them: Brill v. Brill, 282 Pa. 276.

If the court believes that the contracts set up as a defense were made by appellee in her capacity as administratrix, they are not binding upon the estate where there are six minor children to take under the intestate law: Dougherty v. Stephenson, 20 Pa. 210; Seip v. Drach, 14 Pa. 352; Grier v. Huston, 8 S. & R. 402;

Fehliner v. Wood, 134 Pa. 517; Williamson's App., 94 Pa. 231.

The orphans' court has chancery jurisdiction, and therefore the administratrix cannot make a contract involving trust funds without authority of the orphans' court: Willard's App., 65 Pa. 265; McCandless's Est., 61 Pa. 9, 12; Abbott v. Reeves, 49 Pa. 494.

Part payment to Fanny Shiroff in her individual capacity does not estop her in her capacity as administratrix from setting up the invalidity of the contract of novation: Tustin v. Coal & Iron Co., 250 Pa. 425; Rhawn v. Furnace Co., 201 Pa. 637.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 27, 1930:

The court below entered judgment against defendant for want of a sufficient affidavit of defense, and this appeal followed.

Plaintiff averred in her statement of claim that, in February, 1924, the defendant contracted in writing with her husband, the decedent, to purchase the latter's business, with all of the assets pertaining thereto, for the sum of $17,000, a copy of the sale agreement being attached as an exhibit to the statement; that, in June, 1924, the vendor died intestate, survived by six children and his wife, the plaintiff, who became his administratrix; that, beginning in March, 1927, defendant paid on account of said purchase a total of $7,445, and still owes "the estate of said Harry Shiroff" $9,555, for which suit was brought.

Defendant, in his affidavit of defense, admitted practically all the facts of the statement, but averred that the payments on the indebtedness in controversy were not made by him, but by the B. Weiner Manufacturing Company, a corporation. Defendant denied any indebtedness to the estate of decedent, or that plaintiff, "as administratrix," had demanded payment from him of the balance in suit. He averred that, "on the contrary,

plaintiff brought an action in her individual capacity, not as administratrix, against defendant, in the court of common pleas No. 2, as of March Term, 1929, No. 6073," and set up as new matter that, in July, 1925, he had sold his business to the before mentioned corporation, and that it had assumed his obligations to decedent's estate by entering into a series of written contracts (attached as exhibits to the affidavit of defense and made a part thereof), "meant by the parties thereto to replace the agreement of February 11, 1924," with decedent, which, the affidavit asserts, was "thereafter considered abrogated."

When the contracts averred by defendant are examined, however, it appears that each of them was made with Fanny Shiroff, individually, and not as administratrix of the estate of her deceased husband. To avoid being impaled on this state of fact, defendant avers in his affidavit of defense that, although the agreements in question were "executed by plaintiff individually, it was the intention of the parties......that said agreements should be binding upon the plaintiff in her capacity as administratrix of the said Harry Shiroff, deceased"; further, that "the said intention of the parties...... that plaintiff should be bound in her capacity as administratrix......, and not in her individual capacity," was omitted from the writings through a mistake of the scrivener who drew the agreements depended on by defendant.

In view of what appears in the record of the other suit, No. 6673, of March Term, 1929, in the court below (which defendant himself proffered for our inspection), it is difficult to take seriously the averments of his present affidavit of defense, to the effect that the agreements set up by him, though mentioning plaintiff individually, were intended to bind the estate of her deceased husband. In that case, Fanny Shiroff founded her action on the agreements now relied on by defendant, instead of upon the original contract between defendant and

her deceased husband (the latter being the contract now in suit), and defendant, in his affidavit of defense there filed, swore, as to each of the contracts then in suit, that it was "entered into by the plaintiff in her individual capacity, and not as the administrator of her deceased husband"; further, that if a liability existed for the purchase of the business of decedent, "the said liability is one to the administrator, heirs and next of kin of the deceased husband of plaintiff," and, therefore, plaintiff "had no right whatsoever to enter into, in her individual capacity, any of the agreements referred to."

Notwithstanding the complete change of front in the present affidavit of defense, which states that the agreements set up by defendant were intended to bind plaintiff "in her capacity as administratrix of the estate of [her deceased husband]," and that this fact was left out of such agreements by "mistake," we have examined defendant's averments, and find them insufficient to prevent judgment. They contain mere conclusions, instead of stating facts from which a court could reach its own conclusions. To say, as this affidavit does, that "it was the intention of the parties" that the agreements should bind one of them in a different capacity from that stated in the writing itself, is not enough; the affiant would have to go further and state that, at the time of the execution of the writing, plaintiff had in some manner expressed such an intention, or had done or said something either showing such an intention on her part or her assent to defendant's understanding to that effect, and he should particularly aver the act or expression relied on. The averment of alleged mistake on the part of the scrivener is equally lacking in detail to show that it presents more than a statement of insupportable conclusion on the part of defendant.

The reasons already given are sufficient to sustain the judgment entered by the court below for want of a sufficient affidavit of defense, and, since defendant failed to aver any contract on the part of the administratrix of

the estate of the deceased vendor, releasing him from his obligations as vendee under the contract of purchase here in suit, it is unnecessary to pass upon the validity of the holding of the court below that the administratrix was "without power to contract for the cancellation of the agreement made by the [decedent] and to make a new contract without [permission] of the orphans' court" first being had and obtained; but it may be observed that the cases relied on by appellant, which hold that an administrator "may adjust an existing claim by a fair compromise" (Dougherty v. Stephenson, 20 Pa. 210, 214), have no proper place in this case, because there is nothing in any of the pleadings to show a compromise of a claim by or against the estate of the decedent. On the contrary, so far as the pleadings indicate, this is simply the case of a widow of a decedent, who had an interest, aside from her interest as administratrix of his estate, entering into personal agreements with a debtor to the estate, whereby, so far as she was individually concerned, she agreed to the substitution of another debtor in place of defendant; and nothing done thereunder has been brought to our attention which estops her, as the representative of her husband's estate, from enforcing the contract in suit. So far as the payments on account of the purchase money are concerned, these were made with a full knowledge by defendant of all the facts and are allowed to him on the statement of claim.

The judgment of the court below is affirmed.