## Busby, Appellant, *v.* Harrisburg Pipe & Pipe Bending Company.

Argued May 23, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

*Paul A. Kunkel,* for appellant.

*Arthur H. Hull* of *Snyder, Miller, Hull & Hull,* for appellee.

OPINION BY MR. JUSTICE LINN, June 30, 1933:

Plaintiff appeals from judgment for defendant entered for want of sufficient reply to new matter. He brought suit to recover a large sum alleged to be due for legal services rendered to defendant, of Harrisburg, Pennsylvania, in collecting claims against the United States for breach of contract, and resulting from overpayment of taxes. He and one Pack, were partners, until the dissolution of the firm in 1925, practicing law in Washington, District of Columbia. The legal services were rendered pursuant to contracts made by the partners with defendant in 1921 and 1923. The affidavit of defense averred that payment in full had been made, and, under new matter, averred that after part of the amounts payable had been received from the government, a controversy arose between the plaintiff and his partner "relative to the matter of fees," which culminated, as respects defendant, in a letter by plaintiff to defendant dated July 19, 1928, advising defendant that "said controversies have been settled in accordance with a certain release which Mr. Pack and I executed under date of July 19, 1928 [copy of which was also attached to the new matter as an exhibit]. I therefore notify you that I have no further claims whatsoever against your company by reason of my former association with Mr. Pack, or by reason of any services rendered to your company by Pack and Busby jointly or individually." Thereafter defendant paid to Pack other sums payable pursuant to the contracts.

In his reply to defendant's averments, plaintiff "denies that the differences between the" partners "were adjusted, and avers that the letter [quoted above] was not only written under a mistake of fact but was induced and brought into existence by the fraud not only of Harold J. Pack but also of the defendant." He also avers that the release mentioned was likewise obtained by the fraud of Pack and defendant.

But the reply is destitute of averment of fraudulent conduct on the part of defendant affecting plaintiff. The sufficiency of a reply as a pleading is measured by the same principles that determine the sufficiency of an affidavit of defense on a rule for judgment: Colonial Securities Co. v. Levy, 301 Pa. 229, 151 A. 811; s. c. 302 Pa. 329, 153 A. 553. Mere general denial (Fulton Farmers Assn. v. Bomberger, 262 Pa. 43, 46, 104 A. 805) the statement of general conclusions (Price v. Robbins, 298 Pa. 568, 573, 148 A. 849; Shiroff v. Weiner, 299 Pa. 176, 149 A. 175) are insufficient to prevent summary judgment; the reply will be considered as asserting as strongly as possible everything that the pleader can say in his favor (Wright v. General Carbonic Co., 271 Pa. 332, 339, 114 A. 517) and especially when, as here, we deal with a supplemental reply. While, of course, a release may be set aside on clear, precise and indubitable proof that it was procured by fraud (Keys v. Hanscom Bros., 288 Pa. 389, 392, 135 A. 860; Ralston v. P. R. T. Co., 267 Pa. 257, 275, 110 A. 329) there must be adequate averment of fraud before a trial may be had. No facts implicating the defendant in the alleged fraud are adequately averred. Plaintiff does not allege that he was induced to write the letter to defendant and to execute the release by any misrepresentation of any existing fact knowingly made by defendant. The pleadings and exhibits show that, prior to plaintiff's letter of July 19, 1928, and of the release of the same date, defendant had been advised of the dispute between the partners, and had accepted notice that the contingent fees should not be payable to either without notice to the other, but plaintiff's letter and the release superseded the result of such notice.

Judgment affirmed.