489 A.2d 252

**Ocie G. PRICE and Ora H. Price**

v.

**Ronald D. ROSS**

v.

**Ora H. PRICE.**

**Appeal of Ocie G. PRICE.**

Superior Court of Pennsylvania.

Argued Oct. 3, 1984.

Filed March 8, 1985.

John J. Petrush, Beaver Falls, for appellant.

George A. Verlihay, Beaver Falls, for Ross, appellee.

C. Gus Kwidis, Beaver, for Ora Price, appellee.

Before BROSKY, TAMILIA and ROBERTS, JJ.

BROSKY, Judge:

This appeal is from summary judgment in favor of appellee. Appellant contends that the pleadings aver mutual mistake on the part of herself and the insurance company

with regard to language in a release which covers not only that insurance company but also all other parties.[1] The trial court erroneously concluded that the pleadings raised no issue of mistake and, accordingly, we vacate.

The release in question covered Ora H. Price, the insured, and "any and all persons".

The trial court concluded that, "There is no claim of ... mutual mistake." This was an error. In appellant's Reply to Amended Answer and New Matter of Original Defendant is included the following: "At the time such release was executed and delivered, it was not intended by either party thereto to be applicable to the original defendant in any respect ..."

It is not fatal to appellant's assertion of this issue that the legal conclusion that this constituted a mistake was not present in the pleading. Indeed, "Conclusions of law have no place in a pleading ..." 2 Goodrich Amram 2d 137.[2]

Fraud, the sister ground for invalidation of a written instrument, was held to not be an indispensable term of art in *Osborne v. Ball*, 1 Pa. D & C 2d 798 at 801 (1954):

> They argue that there are no averments of fraud in the pleadings. It is true that the pleadings do not contain the specific statement that there was any fraud on the part of defendants or attorney Fields. As we have stated above, however, it does contain averments which, if proven, would establish fraud. We do not feel that the specific use of the word "fraud" is essential if the facts pleaded actually show that to be the case.

See also *Clinger v. Campagna*, 71 Pa. D & C 2d 220 at 223 (1975) and 2 Goodrich Amram 2d 142.

---

1. Two other grounds for vacating the summary judgment were advanced by appellant. Since we hold for appellant on the basis of her first argument, it is not necessary to address the second and third arguments.

2. Pa.R.C.P. 1019(a) provides that "... the material *facts* on which a cause of action is based shall be stated ..." (emphasis supplied).

While none of the three above-cited authorities are binding authority on this Court, we discern no reason to find contrary to them.  Accordingly, we conclude that a pleading, otherwise sufficient,[3] will not fail due to the absence of the exact word "mistake" as a legal conclusion.

■ Having decided that mistake was properly pleaded, it remains to be seen whether mistake could, as a matter of law, constitute grounds for disregarding the language of the release.  A case out of our Commonwealth's Supreme Court instructs us that, if proven, mistake could be the basis for such an action.

> We believe that here, in accepting the averred facts as pleaded, that appellant and the additional defendant agreed specifically to exclude Ethel C. Marks from the release, and the fact that "any and all other persons" was left in the release was sufficient for the court to consider that a mutual mistake had been made.  The intent of the parties must be gleaned from the language of the release; however, where it can be shown, as in this case, by the averred facts that the parties specifically meant to exclude Ethel C. Marks, a mutual mistake had obviously occurred, and the parol evidence rule will allow oral testimony in the case of a mutual mistake.  We therefore must conclude that the lower court erred in granting appellees' motion for judgment on the pleadings.

*Evans v. Marks*, 421 Pa. 146 at 153–4, 218 A.2d 802 at 805–6 (1966).

Since the pleadings, if proven at trial, constituted grounds on which appellant would have prevailed, the trial court erred in granting summary judgment to appellee.

Judgment is vacated and the case remanded for further proceedings consistent with this opinion.  Jurisdiction is relinquished.

3.  Pa.R.C.P. 1019(b).  "Averments of fraud or mistake shall be averred with particularity ..."