512 A.2d 41

**Jackson IMAN, Administrator of the Estate of Janice E. Iman, Deceased, Appellant,**

**v.**

**Clara HAUSMAN, Administratrix of the Estate of Richard D. Kibler, Deceased, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 5, 1986.

Filed July 17, 1986.

460

James J. McCabe, Philadelphia, for appellant.

Jeffrey R. Dimmich, Allentown, for appellee.

Before WICKERSHAM, McEWEN and JOHNSON, JJ.

McEWEN, Judge:

We here reverse the order granting summary judgment in favor of appellee Clara Hausman. The eminent hearing judge has accurately described the occurrence which underlies this litigation:

On June 17, 1981, Richard Kibler was driving a motor vehicle owned by Robert Stewart in which Janice Iman was a passenger. The said motor vehicle was proceeding north on Route 100/29 near Woodlawn Drive and Tollgate Road, Lehigh County, Pennsylvania, at an allegedly high rate of speed. Kibler lost control, left the highway and struck a tree resulting in the death of both Janice Iman and Kibler.

Robert Stewart, the owner of the vehicle involved, was insured by United States Insurance Group (hereinafter USIG). After negotiations with USIG, appellant executed a general release in favor of both Robert Stewart, the owner of the vehicle, and the Estate of Richard Kibler, releasing both Stewart and the Kibler Estate from all liability in consideration of the payment of the sum of $15,000, the amount of the liability limits of the insurance policy issued by USIG upon the Stewart vehicle. When appellant sought further counsel, that attorney discovered that Richard Kibler had been living with his grandmother, Clara Hausman, that the grandmother maintained an automobile insurance policy, and that coverage in the amount of $100,000/$300,-000 might be available under the omnibus clause of that policy. Appellant, therefore, commenced an action in tres-

pass against the appellee estate which subsequently filed an amended answer and new matter, raising as a defense the release agreement of April 12, 1982, by which appellant had released both Robert Stewart and the Estate of Richard Kibler from all liability. Appellant in reply asserted (1) that the release had been executed under a mutual mistake as to the amount of insurance available at the time of execution of the release, and (2) that the release had been obtained through misrepresentation, namely, that at the time of the execution of the release it had been represented to appellant that the total amount of insurance available at that time was $15,000. The pleadings complete, appellee filed a motion for summary judgment.

■ The court granted the motion, after comparing the present issue of after discovered coverage to claims for after discovered injuries, and ruled that the instant release should not be set aside for the same reasons that a release may not be set aside due to after discovered injuries. As valid as this comparison may initially appear, we are, most respectfully, compelled to disagree with that rationale and the consequent ruling.

Our courts have proceeded to the summary rejection of after discovered injury claims by reason of the fact that the document of release which the claimant there seeks to void specifically provides that the claimant, in consideration of the payment of a stated sum, specifically releases the tortfeasor from any and all claims for any and all injuries suffered, whether known or unknown or discovered after execution of the release agreement. Thus, the possibility that the injuries might be more serious than realized at the time of the execution of the release agreement or the possibility that conditions may arise in the future as a result of the tort in question, are specifically covered by the bargain and agreement of release. The release that is the subject of this litigation, however, does not include any provision, term or language which specifically precludes or was intended to prevent, appellant from seeking a further recovery in the event that additional insurance coverage

462

was available at the time of the release. Since, therefore, the factual bases, specifically the releases, are so dissimilar, we do not view the after discovered injury cases as controlling upon our review and disposition of this appeal.

The principle that a release is binding upon the parties thereto, unless executed under fraud, duress or mutual mistake, is firmly established. This Court, in *Price v. Ross,* 339 Pa.Super. 461, 489 A.2d 252 (1985), set aside the summary judgment because the pleadings raised the issue of mutual mistake on the part of both the plaintiff and the insurance company with regard to their failure to exclude the original defendant from the release agreement. We so ruled because the allegations contained in those pleadings, if proven at trial, would have constituted grounds on which appellant would have prevailed, and thus, the trial court had erred in rendering summary judgment in favor of appellee. *Price, supra,* 339 Pa.Superior Ct. at 464, 489 A.2d at 254. Appellant has here asserted the allegation of mutual mistake with regard to the amount of insurance coverage, and has further alleged that the release was obtained through misrepresentation. Both assertions present questions of fact. Thus, the instant motion for summary judgment should have been denied.

As this Court stated in *McFadden v. American Oil Company,* 215 Pa.Super. 44, 257 A.2d 283 (1969):

> The quantum of evidentiary facts which must be adduced to preclude summary judgment is not the same as that required to set aside a release at trial; that is, at this stage his showing of fraud or mistake need not be "clear and convincing and indubitable." This requirement could not obtain because on a motion for summary judgment the court merely determines whether there is a controverted issue of fact, not whether the evidence submitted is sufficient to prove the particular fact.

*Id.,* 215 Pa.Superior Ct. at 55, 257 A.2d at 289; Cf. *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966). Since appellant has alleged both misrepresentation and mutual mistake, as well as facts in support of both allegations, appellant has

met the burden enunciated in *McFadden, supra,* and summary judgment should have been thereby denied. Accordingly, we reverse and remand to the learned trial court for proceedings consistent herewith.

Reversed and remanded. Jurisdiction relinquished.