513 A.2d 1156

Robert A. Blanchfield and Janet A. Blanchfield, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, and Edna K. Escher and Patrick J. Escher, Appellees.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*J. Keath Fetter, Malcolm & Riley, P.C.,* for appellants.

*Ronald Yen,* Deputy Attorney General, for appellees.

OPINION BY JUDGE BARRY, August 20, 1986:

This is an appeal from an Order of the Court of Common Pleas of Delaware County granting judgment

on the pleadings in favor of the Pennsylvania Department of Transportation, the appellee.

Robert A. Blanchfield and Janet A. Blanchfield, the appellants, were involved in a two car accident with Edna Escher on a highway maintained by DOT. Appellants signed a release which was given to Edna Escher and her husband, Patrick, in return for $50,000, the policy limit of the Eschers' insurance. The release was a form release including language which, besides discharging the parties specifically named, also discharged "all other persons, firms or corporations liable or who might be claimed to be liable. . . ." Originally, both of the Eschers' names and Mr. Blanchfield's name had been added in writing to the release by the Eschers' insurer, but appellants crossed out Mr. Blanchfield's name before returning the release. Appellants' attorney included, with the signed release, a letter which explained that Mr. Blanchfield's name had been crossed out because the Blanchfields intended to release only the Eschers. The Blanchfields subsequently brought suit against DOT for the negligent design, construction and maintenance of the highway where the accident occurred. DOT obtained a judgment on the pleadings on the basis of the release given to the Eschers because of the language concerning "all other persons, firms and corporations". The Blanchfields are appealing this judgment, arguing that there is a question of fact as to which parties are discharged by the release. We reverse.

Appellants argue that they did not intend to release any party other than the Eschers, this intent evidenced by the letter written by their attorney to the Eschers' insurer. Appellants also cite a Pennsylvania Supreme Court case, *Evans v. Marks*, 421 Pa. 146, 218 A.2d 802 (1966), which has similar facts to the present case. There, the plaintiff Evans was involved in an auto accident and signed a release for the estate of Nash, the

driver of the car in which she was injured. Nash died as a result of the accident. The other car involved in the accident was driven by Marks. The release, as originally written, discharged Nash and Marks specifically and "any and all other persons and entities (whether herein named or not)." Evans' counsel deleted Marks' name before the release was executed. The attorney for the estate of Nash advised Evans' attorney that the release would only apply to the estate of Nash and no one else. Evans later brought suit against Marks who obtained a judgment on the pleadings based on the release. On appeal, the Supreme Court reversed and held that the intent of the parties must be determined from the language of the release unless it can be shown from the averred facts that a mutual mistake occurred, in which case other evidence will be admitted in order to determine intent.

In the present case, similar evidence exists as in *Evans* to show that a mutual mistake occurred. One of the names which had been added in writing to the release was deleted and the intention to release only the party specifically named was expressed in the letter sent with the release. DOT cites two cases, *Wolbach v. Fay*, 488 Pa. 239, 412 A.2d 487 (1980), and *Hasselrode v. Gnagey*, 404 Pa. 549, 172 A.2d 764 (1961), in which the general language in a release was held to release all parties in addition to those specifically named. The distinction between those cases and the present case is that in *Hasselrode* and *Wolbach*, no evidence existed for determining the intent of the parties other than the language of the release. In fact, the court in *Wolbach* states that the release could have been interpreted differently if there were "a showing of fraud or mutual mistake by clear, precise, and convincing evidence." *Wolbach*, 488 Pa. at 242, 412 A.2d at 488. We find that there is sufficient evidence to create a question of fact concerning mutual mistake.

DOT argues that appellants should have affirmatively pled mutual mistake in order for them to now argue mutual mistake. In support of this argument, DOT states that *Evans* makes clear that mutual mistake must be affirmatively pled in reply to the pleading raising a release as an affirmative defense. Nowhere in *Evans* is any such statement made. Instead, the court states that the issue of mutual mistake was properly raised by the averments concerning the intent of the parties. DOT cites a Superior Court case, *Price v. Ross*, 339 Pa. Superior Ct. 461, 489 A.2d 252 (1985), in support of its position, but the court in *Price* says exactly the opposite of what DOT argues. The court states, "It is not fatal to appellant's assertion of this issue that the legal conclusion that this constituted a mistake was not present in the pleading". *Price*, 339 Pa. Superior Ct. at 463, 489 A.2d at 253. DOT also cites *Busby v. Harrisburg P. & P.B. Co.*, 312 Pa. 394, 167 A. 313 (1933), a case which deals with fraud in obtaining a release and which also does not support DOT's argument. *Busby* states that the facts showing fraud must be properly averred, not the legal conclusion of fraud.

Reversed.[1]

## ORDER

NOW, August 20, 1986, the order of the Court of Common Pleas of Delaware County entered May 24, 1985 at Civil Action—Law No. 83-15266, is hereby reversed and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[1] Because of our disposition of this issue, we need not decide two other issues raised by appellants, specifically, we need not decide whether DOT is a "person, firm or corporation", nor do we need to decide that any release discharges only those parties specifically named.