606 A.2d 948

Estate of Martha KAMINSKI.

Appeal of ESTATE OF Martha KAMINSKI, By the Administratrix, Diane KAMINSKI.

Superior Court of Pennsylvania.

Argued Jan. 14, 1992.

Filed May 1, 1992.

Gregory S. Fox, Ellwood City, for appellant.

Andrea Murphy, pro se.

Before CAVANAUGH, WIEAND and HESTER, JJ.

WIEAND, Judge:

After a court has denied the claim of an administratrix c.t.a. for certain alleged expenses, may the administratrix circumvent the court's ruling by taking a release from an heir for an amount less than the heir was entitled to receive from the decedent's estate? The orphans' court held that the release did not bar the heir's recovery of the full amount due her and ordered the administratrix to make distribution of remaining assets to the heir. We affirm.

Martha Kaminski died testate on December 20, 1975. By her last will and testament, she devised certain real estate to her son, Peter J. Kaminski, and left the rest and residue of her estate to her sons, Peter and Frank Kaminski, in equal shares. Peter Kaminski, who was also named as executor, predeceased his mother, leaving as his only heir a daughter, Andrea Murphy. Letters of administration c.t.a. were issued to Diane Kaminski, the daughter of Anthony Kaminski, another son of the decedent. Frank Kaminski died testate on July 29, 1985.

In 1987, an auditor was appointed, and he determined that Anthony Kaminski had a 60% interest and Andrea Murphy had a 40% interest in a certain residence situated in Zelieno-

ple, Butler County. The court confirmed this report by order entered on September 5, 1989.

When distribution was not made, Murphy petitioned for and obtained a rule to show cause why distribution should not be made in accordance with the auditor's report. The administratrix responded by asserting that she and her father had expended moneys to improve the residential property and that these sums were, at least in part, deductible from the share of Andrea Murphy. This claim was rejected by the court which found specifically that the work done by the administratrix and her father had been for their own benefit and not for the benefit of the estate.[1] The rule directing payment was made absolute on June 5, 1990. No appeal was taken from the court's order.

The amount payable to Murphy pursuant to the auditor's report was approximately $5,900. On or about August 10, 1990, the administratrix forwarded a check in the amount of $5,148.93, together with a receipt and release in the same amount. An accompanying letter explained that the amount to which Murphy was entitled pursuant to the auditor's report had been reduced by certain expenses which the administratrix was claiming. Murphy, nevertheless, signed the release and accepted the sum of $5,148.93.

On September 11, 1990, however, she obtained a rule to show cause why a balance due in the amount of $762.51 should not be paid to her. In response, the administratrix pleaded the release which Murphy had signed. By order dated February 20, 1991, the court directed the administratrix to pay to Andrea Murphy the additional sum of $762.51. The court found specifically that the deductions claimed by the administratrix had been disallowed by its order of June 5, 1990. The administratrix appealed. She contends that the Murphy claim for additional funds is barred by the release which discharged the estate from further payments.

1. The notes of testimony of the hearing on which this order was based have not been made available for review.

■ As a general rule, a release is binding upon the parties unless it was obtained by fraud, duress or mutual mistake. *Iman v. Hausman,* 354 Pa.Super. 458, 512 A.2d 41 (1986). Where the release pertains to a beneficiary's interest in an estate, however, a receipt is not conclusive of the beneficiary's interest. In *Horton's Appeal,* 38 Pa. 294 (1861), an auditor had allowed a widow an interest greater than that for which she had executed an earlier release. The Supreme Court affirmed the interest determined by the auditor to be due the beneficiary. It held that whether the widow was entitled to an amount greater than that recited in the release "was a question of fact inquired into and decided by a very competent auditor, and as the court below saw no reason for reversing his finding, so we see none. A receipt is always open to explanation." *Id.* at 296.

■ In the instant case, the trial court had previously disallowed the amounts which the administratrix sought to deduct from the beneficiary's interest. The administratrix sought to circumvent the trial court's disallowance of her deductions by refusing to pay the full amount which the beneficiary was entitled to receive and by submitting a release for the smaller amount. If we were to hold that this release barred the beneficiary from receiving the full amount due her, we would be aiding this unconscionable attempt by the administratrix to override the trial court's order. This we will not do.

In *Wilson's Estate,* 59 Pa.Super. 358 (1915), the heirs had executed a release for an amount less than they were entitled to receive from the decedent's estate. The orphans' court directed the executor to pay the balance notwithstanding the release. The executor appealed. The Superior Court affirmed, reasoning as follows:

There is no question that a release given from one to another, in the absence of fraud, accident or mistake, is ordinarily binding upon the parties. In this case, however, the parties sustained peculiar relations. The [executor] had in hand funds belonging to the legatees. He was merely a custodian of the assets belonging to them. He

was not personally interested in the matter except to see that the assets were properly distributed in accordance to the directions of the will. The orphans' court had, by its confirmation of the last account, adjudged the heirs entitled to the specific sums set forth therein. Any sum less than the amounts awarded to them could not become the property of the [executor] upon any principle of equity. His position is such that it entirely precludes his making a profit out of the estate, other than the compensation allowed by law. To allow an executor to go to the various heirs or distributees and, taking advantage of his position, pay them less than their shares and thus use the estate to his own benefit would be departing from all the standards set up for persons occupying fiduciary positions. The account, as confirmed, shows a complete distribution. Each legatee, including the residuary legatee, is awarded a specific sum. Who is to benefit by the reduction of the several amounts? ... The simple fact remains that the executor has money in hand that neither belongs to him nor to the residuary legatee, but is due to the [heirs]. The [heirs] were in necessitous circumstances, had become discouraged by reason of the long delay, and were willing to take anything they could get,....

*Id.* at 360–361.

So in the instant case, Andrea Murphy had executed the release at a time of financial distress, having lost her job. As in *Wilson*, there are neither legal nor equitable reasons for allowing the administratrix to benefit from her own wrongful detention of the funds which were due and payable to the beneficiary of the estate. Therefore, we affirm the order directing the administratrix to distribute the additional sum of $762.51 to Andrea Murphy.

AFFIRMED.