J-A18038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TODD AND KATHRYN HAFER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ANADARKO E & P COMPANY, LP | |
| Appellee | No. 2263 MDA 2013 |

Appeal from the Order Entered December 4, 2013
In the Court of Common Pleas of Lycoming County
Civil Division at No(s): 11-02303

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 26, 2014**

Todd and Kathryn Hafer ("the Hafers") appeal the order entered in the Court of Common Pleas of Lycoming County granting summary judgment in favor of Anadarko E & P Company, LP ("Anadarko") and dismissing the Hafers' complaint with prejudice.  Upon review, we affirm.

The trial court ably summarized the facts of this matter as follows:

On May 15, 2006, the Hafers executed an Oil and Gas Lease with East Resources, Inc., for a term of five years with no provisions for extension beyond the initial five-year term unless oil, gas or other substances covered by the lease were actually being produced in paying quantities under the lease.  Before April 28, 2008, an agent for East Resources, Inc. approached the Hafers and negotiated a new five-year lease, beginning at the end of the existing lease primary term on May 15, 2011.  During the negotiation, the agent noted the following in writing, "$300 AN ACRE 90 DAYS AFTER SIGN LEASE $1700 AN ACRE ON OR BEFORE THE EXPIRATION DATE 5/15/2011, $2,500 AN ACRE 90 DAY AFTER EXPIRE DATE."  On April 28, 2008, an Oil and Gas Lease was executed which provided a "primary term of _Five_

years from <u>May 15, 2011</u>, hereinafter called the "Effective Date."
An extension payment of $2500 per acre was required as follows

> EXTENSION OF TERM:  At Lessee's option, Lessee may extend the primary term of this lease for an additional period equal to the primary term by paring or tendering to Lessor an extension payment of twenty five hundred ($2500.00) per acre payable at **any time prior to the expiration of the primary term**.  If Lessee exercises this option, the primary term of this lease shall be considered to be continuous, commencing on the Effective Date hereof and continuing to the end of the extended primary term.

The Oil and Gas Lease further provides for rental payments as follows.

> (6)  RENTAL PAYMENT – This lease is made on the condition that within ninety (90) days from the Effective Date of this lease, Lessee shall pay to the Lessor the sum or <u>(See attached addendum, Clause 7)</u> Dollars ($  .00) per acre for the first year. . . . .

The attached Addendum, Clause 7 provides the following.

> 7. Lessee agrees to pay Lessor in which three hundred dollars ($300.00) per net mineral acre to be delivered to Lessor within 90 days of the execution of this agreement and remaining One Thousand Seven hundred dollars ($1700.00) per net mineral acre due on or before May 15, 2011.  All rental due during the primary term of the lease will then be considered to be paid in full and no further rental payments will be due.

The Lease also provides the following.

> (17)  ACCEPTANCE – This lease contains all of the agreements and understandings of the Lessor and Lessee respecting the subject matter hereof and no implied covenants or obligations or verbal representations or promises have been made or relied upon by Lessor or Lessee supplementing or modifying this lease or as an inducement thereto.

Ultimately, the Lease was assigned to [Anadarko].  The Hafers filed a Complaint-Assumpsit on December 8, 2011, alleging that they should have been paid $2500 per acre on or by August 13,

2011 based upon the Oil and Gas Lease executed on April 28, 2008 as evidenced by a writing made prior to the execution of the Oil and Gas Lease.

Trial Court Opinion, 12/4/13, at 1-3 (citations omitted).

Anadarko filed its motion for summary judgment on August 30, 2012. The trial court granted Anadarko's motion on December 4, 2013 and made the following conclusions of law:

6. The [c]ourt concludes that the Oil and Gas Lease, including the specific reference in paragraph 6 to the attached addendum, Clause 7 listing the rental payments, represents the entire agreement between the parties and their assignee.

7. The Oil and Gas Lease does not require a payment of $2500 per acre to the Hafers on or by august 13, 2011.

8. The parol evidence rule precludes this [c]ourt from considering the pre-contractual writing listed as Plaintiff's Exhibit "B." ***Yocca v. Pittsburgh Steelers Sports, Inc.***, 854 A.2d 425 (Pa. 2004).

Trial Court Opinion, 12/4/13, at 4. The Hafers filed the instant appeal on December 20, 2013, in which they present the following issues for our review:

1. Was the clear, written promise to exercise the optional extension of lease negated by an integration clause in one of the lease documents?

2. If the parol evidence rule applied, based on an integration clause, did the pleadings implicitly raise the "fraud, accident or mistake" exception to the parol evidence rule?

Brief of Appellant, at 4.

We begin with our well-established scope and standard of review:

Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there

exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***

When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. We will disturb the trial court's order only upon an error of law or an abuse of discretion. Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure.

*McCausland v. Wagner*, 78 A.3d 1093, 1099-1100 (Pa. Super. 2013) (citations omitted).

In their first issue, the Hafers contend that the three writings – the handwritten schedule, the Lease, and the Addendum – represent the agreement offered by East Resources and accepted by the Hafers. We disagree. As the trial court succinctly explained,

In this instance, the parties deliberately put the contract into writing. Therefore, in the eyes of this [c]ourt, that writing is the best and only evidence concerning their agreement. That writing, the Lease[,] does not provide a payment of $2500 per acre to the Hafers on or by August 13, 2011. The Lease specifically refers to an Addendum, Clause 7, which lists the rental payments but that writing does not reference the *handwritten*, *pre-contractual* writing.

Trial Court Opinion, 12/4/13, at 5 (emphasis added). Furthermore, Clause 17 of the Lease contains an integration provision specifically excluding the pre-contractual writing as part of the agreement. "An integration clause stating the parties intend the writing to represent their entire agreement is a

- 4 -

clear sign the writing expresses all of the parties' negotiations, conversations and agreements made prior to its execution." *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 589-90 (Pa. Super. 2013). Thus, the trial court properly concluded that the Lease and Addendum represent the entire agreement between the parties and that the integration clause contained within the Lease negated the handwritten, pre-contractual promise to extend the Lease. *Id.*

In their second issue, the Hafers argue that the trial court erred when it granted summary judgment because the allegation of fraud, accident or mistake was implicit in the pleadings as an exception to the application of the parol evidence rule. We agree with the trial court that the Hafers waived this argument.

It is well settled that arguments cannot be raised on appeal if they were not raised and preserved in the trial court. Pa.R.A.P. 302(a). Moreover, "[o]ur Supreme Court has admonished, 'an appellate court does not sit to review questions that were neither raised, tried, nor considered by the trial court.'" *Dollar Bank v. Swartz*, 657 A.2d 1242, 1245 (Pa. 1995) (quoting *Commonwealth, Dep't of Transp. v. Boros*, 620 A.2d 1139, 1143 (Pa. 1993)).

Instantly, the Hafers rely on *Price v. Ross* 489 A.2d 252 (Pa. Super. 1985), for the proposition that a pleading, otherwise sufficient, will not fail due to the absence of the exact word "mistake" as a legal conclusion. *Id.* However, our review of the record reveals that the facts pled were

insufficient to support a theory of fraud, accident, or mistake. Instead, the Hafers filed a complaint in assumpsit, which made no mention of fraud, accident or mistake. The Hafers did not amend their complaint or seek leave to amend to raise a fraud, accident, or mistake claim. Similarly, the Hafers did not assert such an argument or supporting facts in their opposition to Anadarko's summary judgment motion, supporting brief, or supplemental brief. Rather, they raised allegations of fraud, accident and mistake for the very first time in their concise statement of errors complained of on appeal, after the trial court issued its order and opinion noting, "[the Hafers] did not raise claims of fraud or mutual mistake." Trial Court Opinion, 12/4/13, at 6. Because the Hafers failed to timely raise and properly preserve this argument, it is waived. Pa.R.A.P. 302(a); *see also Dollar Bank*, *supra*.

Having found no misapplication of law, unreasonable exercise of discretion, or improper legal procedure, we conclude that the trial court's grant of Anadarko's motion for summary judgment was proper. *McCausland*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014

- 6 -