**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2783
_____

SANDEEP NAYAK,
                                        Appellant

v.

C.G.A. LAW FIRM; ANNE E. ZERBE;
ZACHARY E. NAHASS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02533)
District Judge:  Honorable William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 13, 2015)

_____

OPINION[*]
_____


PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sandeep Nayak appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

Because we write primarily for the parties, who are familiar with the facts and procedural history of this case, we set forth only a brief summary here. Nayak initiated a civil action in the United States District Court for the Middle District of Pennsylvania in October 2013 against the CGA Law Firm and two of its attorneys (hereafter referred to as "Appellees"). Nayak, an Indian national, alleged claims of civil conspiracy, fraudulent misrepresentation, abuse of legal process, breach of trust and fiduciary duty, discrimination, and intentional infliction of emotional distress arising out of Appellees' representation of him in an employment matter against Voith Turbo Inc. ("Voith"). Appellees filed a motion seeking to have the complaint dismissed for improper service and for failure to state a claim. In an order entered on January 9, 2014, the District Court granted Appellees' motion. More specifically, the court dismissed Claims II, III, V, and VI for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The District Court further concluded that amendment would be futile; the claims were thus dismissed with prejudice. Claims I and IV were dismissed without prejudice for insufficient service of process pursuant to Rule 12(b)(5). Nayak's request for counsel was denied.

Nayak sought, inter alia, timely reconsideration of the District Court's dismissal order and leave to file an amended complaint. The District Court entered an order on February 25, 2014, granting Nayak's motion for reconsideration in part and denying it in part. The District Court reopened the action and granted Nayak leave to file an amended

2

complaint with respect to Claim II.  With respect to Claims I and IV, the District Court

agreed with Nayak's contention that it had miscalculated the service deadline.

Accordingly, the court afforded Nayak thirty days within which to properly serve

Appellees with the amended complaint.  Additionally, because the dismissal of Claims I

and IV had been without prejudice, the District Court permitted Nayak to include those

claims in the amended complaint.  Nayak was advised to plead all relevant facts

supporting these three claims in his amended complaint.

Nayak's amended complaint was filed in the District Court on March 10, 2014;

however, he failed to perfect service on Appellees until April 30, 2014.  See D. Ct.

Docket Entry 52.  Appellees moved for dismissal of the amended complaint under Rule

12(b) and, once again, the District Court granted the motion.  While noting that the

amended complaint was subject to dismissal for Nayak's failure to timely serve it, the

court concluded that his claims failed, in any event, on the merits.  Accordingly, in an

order entered on May 19, 2014, the District Court dismissed Nayak's amended complaint

with prejudice.  This timely appeal followed.

We have jurisdiction to review the District Court's order dismissing Nayak's

amended complaint under 28 U.S.C. § 1291.[1]  We exercise plenary review over a district

---

[1]  Nayak limits his appeal to the District Court's order dismissing the claims in his amended complaint. See Appellant's Br. at 5.  To the extent Nayak contends that the District Court was obligated to first refer his complaint to a Magistrate Judge for consideration, he is mistaken.  Although "a judge *may* designate a magistrate judge to hear and determine any pretrial matter pending before the court," 28 U.S.C. § 636(b)(1)(A) (emphasis added), the District Judge is not required to do so.

court's decision to grant a Rule 12(b)(6) motion to dismiss.[2] Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We construe Nayak's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and we may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly dismissed Nayak's civil conspiracy claim. This claim arises from Appellees' negotiation of a settlement agreement with Voith on Nayak's behalf. We essentially agree with the reasoning of the District Court. The conspiracy claim fails because Nayak failed to allege that Appellees acted in an unlawful manner. See Petruska v. Gannon Univ., 462 F.3d 294, 309 n.13 (3d Cir. 2006) (citing Thompson Coal Co. v. Pike Coal, 412 A.2d 466, 472 (Pa. 1979)). The considerations given to

---

[2] Nayak's many references to and discussions regarding the appropriate standard for summary judgment under Fed. R. Civ. P. 56 are misplaced, as proceedings were resolved on Appellees' motion to dismiss. For the same reason, there is no merit to his contention that the District Court erred in denying him the opportunity to conduct discovery or present witnesses at a hearing.

4

Nayak in exchange for the waiving of his claims against Voith are set forth in the negotiated settlement agreement, as is the provision for Voith's direct payment of a portion of Nayak's legal fees to Appellees.[3]  Nayak's simple labeling of the agreed upon payment as a "bribe" is not sufficient to withstand Appellees' motion.  A complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  The plausibility standard requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct, id., and "we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (internal citation and quotation marks omitted)).

Nayak fares no better with his claim of fraudulent misrepresentation.  We agree with the District Court that, even after being afforded an opportunity to do so, Nayak did not allege sufficient non-conclusory facts to state a claim for fraudulent misrepresentation

---

[3]  "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  "However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations and citation omitted) (emphasis in the original).  As the District Court noted, the settlement agreement attached as an exhibit to the motion to dismiss is "an undisputedly authentic document" that was properly considered.  See Pension Benefit Guar. Corp., 998 F.2d at 1196.

under Pennsylvania law.[4]  The allegations in Nayak's amended complaint regarding the information Appellees imparted with respect to the filing of a complaint with the EEOC fail to support such a claim.  Nayak contends that the District Court was precluded from granting Appellees' motion to dismiss this claim because it granted his motion for reconsideration and permitted him leave to include the claim in his amended complaint, and thus should have allowed "fact finding" to take place.  See Appellant's Br. at 15.  Nayak's contention is erroneous.  The District Court did not conclude that his allegations survived Appellees' Rule 12(b)(6) motion.  Rather, the District Court noted that, *if he properly pleaded*, Nayak *might* be able to state a claim for fraudulent misrepresentation.  See D. Ct. Mem. entered Feb. 25, 2014 at 4.  Unfortunately for Nayak, the allegations in his amended complaint once again fell short of what would be necessary to withstand Appellees' motion.

We likewise dispose of Nayak's claim alleging a breach of fiduciary duty with little discussion.  We held in Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011), that Pennsylvania Rule of Civil Procedure 1042.3, which mandates a certificate of merit in professional negligence claims, is substantive law under Erie R.R.

---

[4]  The elements for a claim for fraudulent misrepresentation under Pennsylvania law are: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Overall v. Univ. of Pa., 412 F.3d 492, 498 (3d Cir. 2005) (citing Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994))
.

Co. v. Tompkins, 304 U.S. 64 (1938), and must be applied as such by federal courts. Nayak filed no such certificate under either Rule 1042.3(a)(1) or (a)(3). Nayak's claim was thus properly dismissed to the extent he intended to file a professional liability claim, and his allegations are otherwise insufficient to state a claim for breach of fiduciary duty. See, e.g., McDermott v. Party City Corp., 11 F. Supp. 2d 612, 626 n.18 (E.D. Pa. 1998) (citing Pa. S.S.J.I. § 4.16 (1991), and noting the elements for a breach of fiduciary duty claim under Pennsylvania law). Moreover, we agree that granting him leave to file yet another amended complaint would have been futile; thus, the District Court did not abuse its discretion by dismissing the amended complaint with prejudice. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Nayak has filed a motion requesting that we "order an investigation by the F.B.I. against the Appellees and their counsels." Nayak's motion will be denied as this Court is without jurisdiction to issue any such order. Appellees, for their part, ask us to strike Nayak's motion, enjoin him from engaging in any motions practice without prior leave of court, and impose damages and costs under Federal Rule of Appellate Procedure 38 for the filing of a frivolous motion. We will deny Appellees' motion. While Rule 38 gives us discretion to award damages and costs against an Appellant for a frivolous appeal, we decline to exercise that discretion based on Nayak's motion. We further decline to conclude, at least at this point, that Nayak's motions practice warrants the imposition of an injunction. See, e.g., Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Should Nayak file any post-decision motions in this appeal, Appellees may renew their request

7

for attorneys' fees at that time if they consider the motion frivolous.  Accordingly, we will not impose damages against Nayak; we will, however, tax costs under Rule 39(a)(2).

In light of the foregoing, we will affirm the District Court's judgment.  The parties' motions are denied.