**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4446
_____

SANDEEP NAYAK,
                                    Appellant

v.

MCNEES WALLACE & NURICK LLC;
BRIAN F. JACKSON; ANNE E. ZERBE; CGA LAW FIRM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-15-cv-00933)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2017
Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 28, 2017)
_____

OPINION*
_____

PER CURIAM

        Sandeep Nayak appeals from an order of the District Court dismissing his

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that

follow, we will affirm.

Nayak filed a civil action in the United States District Court for the Middle District of Pennsylvania in October 2013 against his attorneys, the CGA Law Firm, Anne E. Zerbe, and Zachary Nahass. He alleged claims of civil conspiracy and fraudulent misrepresentation, arising out of their representation of him in an employment matter against Voith Turbo, Inc., his former employer. In the main, Nayak's claims related specifically to the negotiation of a termination agreement with Voith Turbo on his behalf, which he thought was inadequate. Voith Turbo offered Nayak a settlement agreement, under which he, in exchange for leaving and waiving his legal claims, would receive an extended paid leave of absence through December 31, 2013, as well as a $10,000 payment towards his legal fees. Nayak signed the agreement but then complained that he was unlawfully coerced into settling by Zerbe. Nayak alleged that the terms of the agreement did not reflect the terms he expected, namely, that he remain employed with Voith Turbo until at least September 2015. Nayak alleged that Zerbe fraudulently altered the Release, and he further alleged that the $10,000 payment towards his legal fees constituted a "kick back payment" to Zerbe in exchange for her participation in the alleged conspiracy to settle with Voith Turbo.[1]

The defendants filed a motion seeking to have the complaint dismissed. The U.S. District Judge assigned to the case granted the motion, dismissing Nayak's complaint in part for failure to state a claim pursuant to Rule 12(b)(6) and in part for insufficient service of process. Nayak then filed an amended complaint and the defendants moved to

---

[1] We note that Nayak has a separate pro se civil rights action pending in the Middle District of Pennsylvania against Voith Turbo itself and certain of its employees, see D.C. Civ. Nos. 14-cv-01053 & 14-cv-02211.

2

dismiss it too.  Once again, the District Judge granted the motion.  While noting that the amended complaint was subject to dismissal for Nayak's failure to timely serve it, the District Judge concluded that Nayak's claims failed, in any event, on the merits.  Accordingly, in an order entered on May 19, 2014, the District Judge dismissed Nayak's amended complaint with prejudice.  Nayak appealed to this Court, and we affirmed on August 13, 2015, see Nayak v. CGA Law Firm, 620 F. App'x 90 (3d Cir. 2015), cert. denied, 136 S. Ct. 1466 (2016).  We held, in pertinent part, that Nayak did not state a plausible civil conspiracy or fraudulent misrepresentation claim in connection with the settlement agreement negotiated by his attorneys.

While that appeal was pending, however, Nayak filed another civil action in U.S. District Court against the CGA Law Firm and Anne E. Zerbe.  In this second action, he also named as defendants Voith Turbo's counsel, McNees Wallace & Nurrick LLC and its attorney, Brian F. Jackson.   Nayak's second complaint, much like his first, reiterated the employment-related disputes that arose during the course of his employment with Voith Turbo and the allegedly unlawful negotiation of the settlement agreement and general release of all legal claims.  Based on these events, Nayak raised numerous common law state claims in the second action, including tortious interference with a contract, intentional misrepresentation, civil conspiracy, contract fraud, and "third party beneficiary breach of contract," among others.  Not all claims were asserted against all defendants.  Both the CGA defendants and the McNees defendants moved for dismissal of Nayak's new complaint pursuant to Rule 12(b)(6).  The CGA defendants sought dismissal on the basis of res judicata; the McNees defendants moved to dismiss the

3

complaint for failure to state a claim upon which relief may be granted. Following a review of the parties' submissions, the Magistrate Judge, in a thorough Report and Recommendation, recommended dismissal of the complaint. In an order entered on November 30, 2016, the District Court approved and adopted the Report and Recommendation, granted the defendants' motions to dismiss, and dismissed Nayak's complaint with prejudice.

Nayak appeals. We have jurisdiction under 28 U.S.C. § 1291. In his brief, Nayak asserts that personal jurisdiction over the CGA defendants was lacking in the prior action because he failed to serve his complaint on time, and that thus the prior decision is void and cannot serve as the basis for the District Court's application of res judicata in this case. Nayak further asserts that the District Court erred in dismissing his complaint against the McNees defendants based on his signed Release because the McNees defendants were not parties to the Release and because the Release does not apply to the state law claims he asserted in the second action. Last, Nayak contends that the District Court erred in finding the Release enforceable without an investigation into the facts, and erred in not allowing him to amend his complaint.

We will affirm. We exercise plenary review over res judicata or claim preclusion dismissals. See Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 172 (3d Cir. 2009). Res judicata, also known as claim preclusion, applies when there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Precluding "parties from contesting matters that

4

they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). Here, with respect to the CGA defendants' motion to dismiss and the claims stated against them in the second action, the parties were the same and there was a final and valid judgment on the merits in the prior action, which we affirmed on appeal. We reject as meritless Nayak's argument that personal jurisdiction over the CGA defendants was lacking in the prior action.

In determining whether a subsequent case is based on the same cause of action as a prior case, we will look to whether there is an "essential similarity of the underlying events giving rise to the various legal claims." Elkadrawy, 584 F.3d at 173. Again, with respect to the CGA defendants' motion to dismiss, the District Court correctly concluded that the underlying events that gave rise to Nayak's claims in the present action are the same as the events that gave rise to his claims in the prior action. In both actions, Nayak alleged that he retained the CGA defendants to represent him in his employment-related dispute with Voith Turbo; that they ultimately stopped representing his best interests; that, although he ultimately signed the settlement agreement and Release, the terms of that agreement were different from the terms he expected; that he was suffering from anxiety and depression when he signed the agreement; and that his settlement included a $10,000 "kick back payment" from Voith Turbo to Zerbe. The District Court correctly concluded that the acts complained of in the present action are the same as those

5

complained of in the prior action, and that the demand for relief was also the same in both actions, see United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984). Where these elements are found, a plaintiff is barred from litigating not only those claims which were actually decided, but also those that the he might have asserted, but did not, in the prior action, see Bradley v. Pittsburgh Bd. of Education, 913 F.2d 1064, 1070 (3d Cir. 1990).  We thus agree that res judicata bars the action against the CGA defendants.

We also exercise plenary review over a dismissal with prejudice under Rule 12(b)(6).  See Heffernan v. Hunter, 189 F.3d 405, 408 (3d Cir. 1999).  A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the amended complaint.  See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible when the facts alleged allow the court to draw the inference that the defendant is liable for the misconduct alleged.  See Burch v. Millberg Factors, Inc., 662 F.3d 212, 220-21 (3d. Cir. 2011).  Although factual averments must be accepted as true, legal conclusions are disregarded.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

We agree with the District Court that all of the asserted causes of action directed at the McNees defendants were covered by the Release that Nayak signed as part of his termination agreement with Voith Turbo, and that the Release expressly applied to the

McNees defendants.[2]  The broad Release expressly and unambiguously applied to Voith Turbo's attorneys, that is, the McNees defendants, and expressly and unambiguously applied to all claims, including common law state claims.  Pennsylvania law applies in this diversity action; thus, the intention of the parties governs and the "intent of the parties [is] gleaned from the language of the release."  Evans v. Marks, 218 A.2d 802, 806 (1966).

The District Court further concluded that, unless Nayak could establish that the Release was procured by fraud, duress, accident or mutual mistake, he could not overcome its binding consequences, and we agree.  "A signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." Three Rivers Motors Co. v. Ford Motor Co., 522 F.2d 885, 892 (3d Cir. 1975).  See also Kent v. Fair, 140 A.2d 445, 447 (Pa. 1958).  Nayak cited no legal authority nor did he

---

[2] The Release provides, in pertinent part, as follows:

> **General Release and Waiver of Claims.**  Employee, ... for and in consideration of promises made herein, does hereby irrevocably and KNOWINGLY, VOLUNTARILY, and unconditionally waive and release fully and forever any waivable claim, cause of action, loss, expense, or damage, of any and every nature whatsoever against the Company and its ... agents, ... attorneys ... arising from any occurrence or occurrences, from the beginning of time until the date on which Employee signed this Agreement, including without limitation any waivable claims arising or in any way resulting from or relating to Employee's employment with Company or the December 31, 2013 termination thereof….  Employee specifically waives … any waivable claim under any common law theory.

Appendix, Motion to Dismiss, Docket Entry No. 24, at 64-65.

plead any facts that would allow him to invalidate the Release based on fraud, duress, accident or mutual mistake. He was represented by counsel throughout the process and his essential allegation -- that facing termination is financially and emotionally stressful and that he unilaterally misunderstood the nature of the agreement -- is factually and legally insufficient to state a plausible claim for fraud, duress, accident or mutual mistake, for the reasons expressed in the Report and Recommendation. Nayak does not convincingly argue otherwise in his brief on appeal.

Last, the defects in Nayak's complaint could not have been cured by any degree of liberality in construing the allegations of the complaint, and no possible amendment could have cured the defects in his claims. No factual investigation was needed before dismissing the action, and the District Court correctly denied leave to amend the complaint, because an amendment would have been futile, see Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). We also reject as meritless Nayak's argument in his Reply Brief that the Magistrate Judge is biased against him, see Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings is not adequate basis for recusal).

For the foregoing reasons, we will affirm the order of the District Court dismissing Nayak's complaint as to all defendants.